### CITIZENS' MUTUAL FIRE INSURANCE COMPANY *vs.* DANIEL R. SORTWELL & others.

If the by-laws of a mutual insurance company do not provide that the deposit notes shall be deemed to be absolute funds of the company, but speak of assessments thereon, such assessments may be laid and collected in the usual manner.

If a committee of the directors of a mutual insurance company have made a report recommending an assessment upon the deposit notes, and stating the amount and all the details, a vote of the directors to accept and adopt the report is sufficient to authorize the laying of the assessment.

Under the Gen. Sts. *c.* 58, § 54, the statement of the condition of a mutual insurance company at the time of laying an assessment may be recorded in the same book in which the annual statements of the company are recorded; and if signed by several of the directors, and it does not appear that any others voted for it, the presumption is that all who voted for it signed it.

If a mutual insurance company have issued policies running for one year, three years and five years, respectively, the premiums for three years being twice the rate charged for one

year, and those for five years being three times the rate charged for one year, and, in computing the amount to be assessed for each month's losses, a basis is found by taking the whole of the premium for each one year policy, one third of that for each three years policy, and one fifth of that for each five years policy, and this method is found by the superior court, in an action to recover an assessment, to be just and equitable, this court will not, upon a hearing on exceptions, declare the assessment void, as being unequal.

CONTRACT brought by a mutual insurance company, to recover an assessment upon a deposit note executed to them by the defendants.

At the second trial in the superior court, before *Putnam, J.,* without a jury, after the decision reported in 8 Allen, 217, it appeared that the assessment was based upon a computation of losses from month to month, making rests at the end of each month, and computing the entire monthly losses and expenses. The company issued policies for one year, three years and five years, respectively, the premiums for three years being twice the rate charged for one year, and those for five years being three times the rate charged for one year. The basis of assessments was found anew for each month, by taking the whole of the premium for each one year policy, one third of that for each three years policy, and one fifth of that for each five years policy.

Certain other facts are sufficiently stated in the opinion. Upon the whole evidence, the judge, being of opinion that the method of laying the assessment was just and equitable, that the plaintiffs had complied with the provisions of law, and that the assessment was legal, ordered judgment to be entered for the plaintiffs. The defendants alleged exceptions.

*J. S. Holmes & C. S. Lincoln,* for the defendants.

*W. W. Warren & H. Baldwin,* for the plaintiffs.

CHAPMAN, J.* 1. The by-laws of the company do not make the deposit notes absolute funds. They are not declared to be such, but, on the contrary, assessments of these notes are spoken of in the 23d article. The court are of opinion that it was proper to assess them in the usual way.

2. The record of the assessment was sufficient. The directors

---

* HOAR, J. did not sit in this case.

voted to cancel all their second class policies, and close the busi‹ ness of that class. This would of course make a return of a portion of the premium which had been paid on unexpired poli‧ cies due to the holders of such policies; and, if there were not funds in the hands of the company sufficient to pay the debt thus created, it would be proper to raise the money by assess‧ ment upon the policy holders from whom it was due. But this is not important in the present case, as the defendants were not assessed for any part of this debt. The company also owed other debts, and a committee of the directors which had been appointed to consider the matter made a report recommending an assessment, and stating its amount and all its details. It is objected that, though it was voted that the report be accepted and adopted, yet this was not a sufficient vote to authorize the assessment. But no particular formula is necessary in voting an assessment. Corporate votes are sufficient if they state substantially and intelligibly the intent of the voters. Thus, the vote of a town accepting the report of a committee appointed to establish school districts, and recommitting it to the committee for the purpose of having the work completed, is sufficient to establish the districts, though the town does not in direct terms express its intent to establish them. *Alden* v. *Rounseville,* 7 Met. 218. In this case the vote to accept and adopt the report, which not only recommended the assessment but stated its details, expresses with sufficient clearness the intent of the directors to make the assessment in the manner in which the committee had prepared it.

3. The Gen. Sts. *c.* 58, § 54, do not require that the book in which the statement of the assessment is recorded shall be used for that sole purpose. The fact that the same book was used by the secretary of the company to record the annual statements of the company could not injure any one, and was not contrary to the spirit, intent or letter of the statute. The statement of the assessment appears to have been signed by six of the direc‧ tors ; and, as it does not appear that any others voted for it, the presumption is that all who voted for it signed the statement, as it was their duty to do.

4. The judge who tried the cause was of opinion upon the whole evidence that the method of laying the assessment which was adopted was just and equitable. His opinion on this point should be our guide, unless we can see that the method was in violation of some principle. But on examination we can see no such violation of principle. Exact equality cannot be obtained, and it is sufficient if the assessment makes a reasonable approximation to equality                    *Exceptions overruled*